UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES BERNARD, ET AL. | CIVIL ACTION |
| VERSUS | |
| NATIONAL FLOOD INSURANCE PROGRAM, ET AL | NO.: 17-00960-BAJ-EWD |

## RULING AND ORDER

### I. BACKGROUND

This case arises from the catastrophic flooding that struck southern Louisiana in August 2016. (Doc. 1 at ¶ 11). Plaintiffs James and Johnnie Bernard allege that the flood caused substantial damage to their property at 7911 Evergreen Drive, Denham Springs, Louisiana. *Id.* They also allege that the Federal Emergency Management Agency ("FEMA") issued them insurance under the National Flood Insurance Program, and FEMA has failed to fully pay their flood claim. *Id.* at ¶ 8, 26.

After the flood, Plaintiffs made a flood damage claim to FEMA. (Doc. 6-2 at ¶ 7). On August 24, 2016, FEMA provided Plaintiffs an advance payment of $20,000 for building damage. *Id.* at ¶ 8. About a month later, Plaintiffs submitted a claim for $135,293.75. *Id.* at ¶ 9. A month after that, FEMA paid Plaintiff $115,293.75 in an insurance payout. *Id.* at ¶ 10. With the $20,000 advance payment, FEMA therefore paid a total of $135,293.75, which is the total amount requested by Plaintiff. *Id.* Then, on July 28, 2017, Plaintiff filed a second claim for $250,000, the policy

1

limit. *Id.* at ¶ 11. FEMA has not denied Plaintiff's claim or any portion of Plaintiff's claim. (Doc. 6-2 at ¶ 13).

By way of background, the National Flood Insurance Program is a federally supervised insurance program established by the National Flood Insurance Act of 1968 and administered by FEMA, which guarantees and subsidizes flood insurance. *See* 44 C.F.R. §§ 59–79 (2013). The National Flood Insurance Program includes two types of government-financed flood insurance. First, there is the Government program, where policyholders, like Plaintiff, are insured directly by FEMA. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006) (citing 42 U.S.C. §§ 4071–4072) (internal quotations and citation omitted). Under the second program, which Plaintiffs' claims do not arise under, called the Write Your Own program ("WYO"), policyholders are insured by participating private insurance companies. *Id.*

Plaintiff sued the Administrator of FEMA and the Acting Secretary of Homeland Security for breach of contract. (Doc. 1 at ¶ 25-32). Defendants thereafter filed a Motion to Dismiss. (Doc. 6).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1) a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143

2

F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits. *Id.*

In a traditional Rule 12(b)(6) motion to dismiss, a court's analysis is generally confined to a review of the complaint and proper attachments. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "However, under Rule 12(b)(1), the court may find a plausible set of facts by considering . . . '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

## III. DISCUSSION

### A. Sovereign Immunity

Defendants contend that sovereign immunity bars Plaintiffs' suit. (Doc. 6). It is well-established that the United States and its agencies are immune from suit unless Congress explicitly waives sovereign immunity. *U.S. Dept. of Energy v. Ohio*, 503 U.S. 607, 615, (1992). If Congress has enacted a waiver of sovereign immunity, it must be construed narrowly. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). The National Flood Insurance Act contains a limited waiver of sovereign immunity in § 4072 for National Flood Insurance claims. It provides that "upon the disallowance by the [FEMA] Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the

Administrator, may institute an action against the Administrator[.]" 42 U.S.C. § 4072.

Defendants argue that § 4072, which creates the limited waiver of sovereign immunity, only permits a claimant to sue FEMA if the agency has disallowed a claimant's flood claim. (Doc. 6-1 at p. 6). The Court agrees. Section 4072 makes clear that a claimant "may institute an action" only "within one year after the date of mailing of notice of disallowance or partial disallowance[.]" The disallowance of a claim is therefore required before a claimant can file suit. *See Downey v. State Farm Fire & Cas. Co.*, 276 F.3d 243, 245 (7th Cir. 2001); *Qader v. Fed. Emergency Mgmt. Agency*, 543 F. Supp. 2d 558, 562 (E.D. La. 2008).

Plaintiff's FEMA claim has not been disallowed and therefore this suit is premature. Here, the evidence reflects that FEMA fully paid Plaintiffs' first claim for $135,293.75, and FEMA received Plaintiff's second claim for $250,000 but FEMA has not disallowed the claim. (Doc. 6-2). Indeed, FEMA did not make a determination one way or the other if it would pay Plaintiff's claim. *Id.* To be sure, the information about FEMA's course of dealings with Plaintiff comes from an affidavit from a FEMA insurance examiner. *Id.* But on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the Court may consider evidence outside the Complaint. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). And Plaintiff does not challenge any of the facts contained in the affidavit. (Doc. 14).

Plaintiff, though, contends that Defendants' reading of § 4072's waiver of sovereign immunity ignores that a flood claimant may file suit based on a refusal to

4

accept a flood insurance payment, and not only based on the disallowance of a flood insurance claim. (Doc. 13 at p. 3). However, Plaintiffs do not allege that they refused to accept an insurance payment from FEMA. Plaintiff only alleges that FEMA has denied their claims. (Doc. 1 at ¶ 24). Therefore, this argument has no merit.

Plaintiff also argues that accepting Defendants interpretation of § 4072 turns the flood insurance policy into an illusory contract because Defendants could choose to never make a disallowance. (Doc. 13 at p. 3-4). Plaintiff, however, does not allege that has occurred here. (*See* Doc. 1). Indeed, the evidence reflects that FEMA paid Plaintiff's initial claim within months.

## IV. CONCLUSION

Plaintiff's flood claim is premature, and the Court therefore lacks subject matter jurisdiction over this action.

Accordingly,

**IT IS ORDERED** that Defendants **Motion to Dismiss (Doc. 6)** is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 10th day of May, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**